## HALE VS. GILMAN.

Where sureties on an insurance agent's bond give a joint judgment for the agent's deficit one year and there is an equally large deficit the second year; which one surety pays, upon the agreement that the judgment shall not be collected from him ; such agreement is not cause for opening the judgment on the application of the second surety.

Appeal from Common Pleas of Lackawanna County. No. 253, January Term, 1881.

The facts of the case appear in the opinion of the Court below in discharging a rule to open a judgment, which was as follows, per

HAND J.:

On the 4th of February, 1879, T. J. Chase, H. A. Smith, S. P. Reynolds and T. T. Hale gave their joint and several judgment note to Geo. S. Gilman for $1,475.64, payable one year after date. At the same time they gave another judgment note for the same amount, payable two years after date. This sum total, viz., $2,951.28, was the balance then due by Chase & Smith, as insurance agents, for deficiency on premiums collected, for which Hale and Reynolds were sureties on a bond given for indemnity for the acts of Chase & Smith as such agents. At the time of the settlement, on the 4th February, 1879, it was agreed that the agency of Chase & Smith should continue for another year, and an assignment of property was made by Chase & Smith to Reynolds and Hale. It is alleged by the plaintiff that this continuance of the agency was with the understanding and acquiescence of both the defendants, Hale and Reynolds, and under the original obligation of sure-

tyship. Whether this is denied by the defenlants or any of them, under the evidence, will be matter of consideration.

In January, 1880, a new deficit on the part of Chase & Smith existed, amounting to $3,144.42, of which Hale and Reynolds were apprised. All the parties met to adjust the differences. At that interview the amount was fixed at the sum stated, and no dispute appears in the testimony as to the amount. Hale refused to sign a note for it, and negotiations ended, so far as he was concerned. Reynolds, however, settled up for the amount upon the representations made by Gilman's agent, that he could safely do this, because he and Hale were holden for the whole amount of the deficiency, to wit, $6,095.70, and he (Gilman) would collect the judgment out of Hale alone, who was good for that amount. Hale alleges in this application that he has been injured by this settlement, and is entitled to have this judgment opened, to the extent, at least, of one-half the judgment confessed, and for which he could come upon Reynolds for contribution. We do not propose to enter into a full examination of the equities which now may exist between Hale and Reynolds; they may be settled hereafter, we apprehend, without regard to the mode now adopted of disposing of this rule.

In the present application, Hale seeks to open a solemn judgment of this Court. He must present a clear case for an issue, or at least a *prima facie* case of equity on the facts. Has he done so? We think not. The plaintiff on the undisputed facts had the right to collect the whole of this judgment, when it fell due, out of Hale. If this was the only transaction Hale would be entitled to contribution out of Reynolds for one-half. Does it appear he has been deprived of this? We think not. If the bond was not a continuing obligation after February, 1879, he can still have his contribution out of Reynolds. If it was a continuing obligation, then Reynolds had the right to settle it up. He need not subject himself to litigation, costs and trouble because Hale chose to. He had the right to assume, taking the responsibility, that he and Hale were holden on the bond for the whole amount, and, if they were, settle up his share of that whole indebtedness. If he was right in his assumption, and paid one-half, he might

3 Wa 13

expect that Hale would pay the other half. If he was wrong, he could still make the settlement and account to Hale, even if he was not obliged to account to Gilman. It is incumbent, at least we think, on Hale in this application to show enough for us to conclude that he may not be holden on the bond after February, 1879. Under the evidence we cannot discover that he has proved sufficient for us to award an issue on that point. The bond itself is not in evidence. Neither does it appear by Hale's testimony, or any other, that Hale at any time denied that he was holden for the total debt of Chase & Smith. If he was holden the equity in this application is against him. If he was not holden it is incumbent on him to show enough for us to conclude that he has an equity to be protected.

Since the act of March 22, 1862, P. L. 167, one joint debtor may settle with his creditor In settling he does not affect his liability for contribution, for the act expressly provides against that. Whether on this judgment Reynolds must contribute is not before us, nor do we apprehend our disposition of the rule affects that question.

The rule in this case is discharged.

---

Hale then appealed, complaining of the refusal to open the judgment.

*Charles Pike* and *E. Robinson, Esqs.*, for appellant argued that Chase was released, and consequently Hale, the surety, was also released; Shock vs. Miller, 10 Pa., 401 ; Wharton vs. Duncan, 83 Pa., 40; Veazie vs. Williams, 3 Story, 611 ; Talmage vs. Burlingame, 9 Pa., 21 ; Tull vs. Serrill, 1 W. N. C., 373; Act March 22, 1862, P. L. 167.

*T. M. Daring, Esq., contra.*

The Supreme Court affirmed the decree of the Common Pleas on April 1st, 1881, in the following opinion,

PER CURIAM :

The order in the case is affirmed upon the opinion of the learned Court below.

Decree affirmed and appeal dismissed at the costs of the appellant.